IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ANTIONIO M. BATTS )
)
v. )    NO. 3:15-0077
)
METROPOLITAN SHERIFF'S )
DEPARTMENT, et al. )


TO:  Honorable William J. Haynes, Jr., Senior District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 9, 2015 (Docket Entry No. 10), the Court referred this action to

the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the

Federal Rules of Civil Procedure, to hear and determine any pretrial issues, motions, including

discovery matters, to conduct any necessary conferences and hearings, and to submit a report and

recommendation for disposition of any motions filed under Rules 12, 15, 56, and 65 of the Federal

Rules of Civil Procedure.

The plaintiff is an inmate confined at the Davidson County Criminal Justice Center ("CJC")

in Nashville, Tennessee.  He filed a pro se and in forma pauperis complaint on January 23, 2015,

alleging that violations of his federal constitutional rights have occurred at the CJC and seeking relief

under 42 U.S.C. § 1983.  By Order entered February 3, 2015 (Docket Entry No. 3), the Court found

that the Plaintiff set out a colorable constitutional claim based upon his allegations that he had been

subjected to racial and religious discrimination, that he had been denied a diet consistent with his

religious beliefs, that food at the CJC was nutritionally inadequate, that food preparation at the CJC

was unsanitary, that he had to share a maximum security cell with another inmate, and that his mail

had been tampered with at the CJC. Upon the Plaintiff's return of completed service packets, process was recently issued to the seven named Defendants. See Docket Entry No. 26. The Defendants have not yet responded to the complaint.

On May 26, 2015, the Plaintiff filed a motion (Docket Entry No. 29) to add new causes of action against a new defendant, Lt. L. Johnson, based upon events that occurred on January 23, 2015. The Plaintiff asserts that he was "going to the holding tank in Nashville Criminal Court at 5:45 a.m." when he asked Lt. Johnson what time it was because the Plaintiff, who is a Muslim, prays at 5:45. a.m. prior to sunrise. See Docket Entry No. 29, at 1-2. The Plaintiff alleges that Lt. Johnson responded with expletives and escorted the Plaintiff back to his housing unit. Id., at 2. He asserts that he was then "woke up" and taken to the "holding tank" where he waited from 5:00 a.m. to 9:15 a.m. when court began. Id. Based upon these events, the Plaintiff contends that he had to skip his prayer that morning, that he was "disrespected," and that he suffered racial discrimination and cruel and unusual punishment. Id. at 2-3.

Because the Plaintiff seeks to add new claims based upon events that occurred after the filing of the original complaint,[1] the Court construes the Plaintiff's motion as a motion for leave to file a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure. Rule 15(d) provides that the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

The Plaintiff's motion should be denied. A proposed supplemental complaint should be denied as futile if the claims sought to be added would not withstand a motion to dismiss brought

---

[1] Although his complaint was file stamped on January 23, 2015, the Plaintiff signed it on January 15, 2015. See Docket Entry No. 1, at 1.

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006); Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005); Thiokol Corp. v. Department of Treasury, 987 F.2d 376 (6th Cir. 1993); Marx v. Centran Corp., 747 F.2d 1536, 1550 (6th Cir. 1984); Development Corp. v. Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir. 1980).

Although the Plaintiff's proposed claims touch upon the constitutional rights that are retained by a prison inmate, the Plaintiff's allegations against Lt. Johnson, even if taken as true, fail to show that the Plaintiff suffered a violation of his constitutional rights that would state a claim for relief sufficient to withstand a motion to dismiss. The rights protected by the Constitution are not implicated by de minimis events, and the infringement or deprivation alleged by a prisoner plaintiff can simply be too fleeting, trivial, petty, or insignificant to support a constitutional claim. See Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Dean v. Conley, 20 Fed.App'x. 294, 296 (6th Cir. Sept.17, 2001) ("The Constitution does not provide an avenue of redress for de minimis events in the life of an inmate."); A'la v. Cobb, 208 F.3d 212 (6th Cir. 2000) ("De minimis events simply do not state constitutional claims."); Thaddeus-X v. Blatter, 175 F.3d 378, 396 and 398 (6th Cir.1999).

The allegations of constitutional wrongdoing made by the Plaintiff in his proposed supplemental complaint fall squarely within the scope of the type of inactionable conduct that frequently occurs within a correctional institutional. Being forced to sit in a holding cell for a few hours prior to court opening simply does not rise to the level of the type of wanton and unnecessary infliction of pain upon a prison inmate that violates the Eighth Amendment. See Whitley v. Albers,

475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Further, a prison officer's use of expletives or objectionable and harassing language does not violate a constitutional protection. See Johnson v. Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004); Ivey v. Wilson, 832 F.2d 950, 954–55 (6th Cir. 1987). Finally, the Plaintiff's allegation that he missed a single morning prayer on a day when he was being transported to court does not amount to more than an isolated and de minimis inconvenience, which is insufficient to support a First Amendment claim. See Mabon v. Campbell, 2000 WL 145177 (6th Cir. Feb. 1, 2000); Stoner v. Jett, 1991 WL 138439 (6th Cir. July 29, 1991); Al-Amin v. TDOC Com'r, 2012 WL 1231737, *4-6 (M.D. Tenn. Apr. 11, 2012) (Sharp, J.)

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to file a supplemental complaint (Docket Entry No. 29) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

4