IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTIONIO M. BATTS | ) | |
| | ) | |
| v. | ) | NO. 3:15-0077 |
| | ) | |
| METROPOLITAN SHERIFF'S | ) | |
| DEPARTMENT, et al. | ) | |

TO: Honorable William J. Haynes, Jr., Senior District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 9, 2015 (Docket Entry No. 10), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72(a) and (b) of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues, motions, including discovery matters, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motions filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

This is a *pro se* and *in forma pauperis* civil rights action brought under 42 U.S.C. § 1983 by an inmate confined at the Davidson County Criminal Justice Center ("CJC") in Nashville, Tennessee. He raises several claims based upon events occurring at the CJC. Process was issued to several defendants on Plaintiff's claims, but by a contemporaneously entered Report and Recommendation the Court has recommended that all claims and Defendants in the action be dismissed except for two First Amendment religious rights claims against two Defendants.

Presently pending before the Court are two "notices" filed by Plaintiff. *See* Docket Entry Nos. 82 and 83. In both filings, Plaintiff seeks to supplement his complaint to add new claims against individuals who are not a part of the current action.

Because Plaintiff seeks to add new claims based upon events that occurred after the filing of the original complaint, the Court construes Plaintiff's filings as motions for leave to file a supplemental complaint under Rule 15(d) of the Federal Rules of Civil Procedure. Rule 15(d) provides that the Court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

The Plaintiff's motions should be denied. The proposed claims have no factual connection to the claims that were raised by Plaintiff in his original complaint. Further, the claims raised in the original complaint are currently contested by the originally named Defendants who have a motion to dismiss that is currently pending. There are no factors that favor adding entirely new and unrelated claims and defendants to the instant lawsuit.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that Plaintiff's motions to file a supplemental complaint (Docket Entry Nos. 82 and 83) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to

appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

BARBARA D. HOLMES<br>
United States Magistrate Judge